**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **JOSEPH BISAHA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CITIBANK, N.A., d/b/a CITIMORTGAGE,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOSEPH BISAHA, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against CITIBANK, N.A., d/b/a CITIMORTGAGE, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. JOSEPH BISAHA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Richmond, County of McHenry, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. CITIBANK, N.A., d/b/a CITIMORTGAGE, (hereinafter, "Defendant") is a business entity that that regularly conducts business in the State of Illinois. Defendant is incorporated in the State of Maryland.

7. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

10. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

11. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with Defendant. Defendant is inaccurately reporting Plaintiff's payment history relative to account number 271292****. Specifically, Plaintiff asserts that the account was closed in July 2009, at which time the account was settled for less than full balance. Defendant, however, is reporting that Plaintiff has been ninety (90) days late twenty three (23) times within the last forty four (44) months on the account (hereinafter "the inaccurate information").

12. Plaintiff's account with Defendant relates to a property located at 2617 Arbor Drive, McHenry, Illinois 60050.

13. The account was closed when the short sale of the property was finalized in or around July 2009.

14. In or around July 2009, the account was charged off, leaving Plaintiff with a zero (0) balance.

15. On or about March 30, 2011, Plaintiff received a correspondence from Defendant, dated March 30, 2011.

16. The aforesaid correspondence stated: "Dear Mr. Bisaha, I am sending you this letter on behalf of CitiMortgage to confirm that we have completed the Short Sale and/or Settlement on the above listed account. The approved proceeds have been posted to the account, the write off has been completed leaving you with a zero balance and your CBR reporting will be updated to show the same. "

17. Despite the aforesaid, as of April 15, 2013, Defendant has disseminated information that Plaintiff has been ninety (90) days late twenty three (23) times within the last forty four (44) months on an account that was has been closed since July 2009.

18. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

19. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20. In or around December 2012, Plaintiff applied for a residential mortgage.

21. During the application process, Plaintiff was informed that he was not approved for the mortgage due to a tradeline on his credit report that indicated two (2) or more past due payments within the last twelve (12) months prior to December 2012, relative to account number 271292****.

22. Plaintiff then reviewed his credit report and ascertained that as of December 20, 2012, Defendant was reporting that Plaintiff was ninety (90) days late nineteen (19) times within the last forty (40) months relative to account number 271292****.

23. On or about December 22, 2012, Plaintiff initiated a telephone call to Defendant.

24. During the aforesaid telephone call, Plaintiff informed Defendant it was inaccurately reporting that Plaintiff was ninety (90) days late nineteen (19) times within the last forty (40) months relative to account number 271292****.

25. Plaintiff further told Defendant the account had been closed since July 2009.

26. Defendant confirmed with Plaintiff that the account had been closed since July 2009 and acknowledged it was reporting inaccurate information in Plaintiff's credit report.

27. Defendant assured Plaintiff the inaccurate information would be removed from Plaintiff's credit report within ten (10) business days and provided Plaintiff with a reference number relative to his dispute.

28. On or about January 8, 2013, Plaintiff viewed his credit report and ascertained that Defendant was still reporting that Plaintiff was ninety (90) days late nineteen (19) times within the last forty (40) months relative to account number 271292****, despite Plaintiff's dispute to Defendant.

29. As a result, on or about January 8, 2013, Plaintiff initiated another telephone call to Defendant.

30. During the aforesaid telephone call, Plaintiff provided Defendant with a history of his communications with Defendant.

31. Plaintiff then provided Defendant with the reference number relative to his dispute that Defendant had previously assigned to him during their December 22, 2012, telephone conversation.

32. Defendant entered Plaintiff's reference number relative to Plaintiff's dispute into its database and informed Plaintiff that the dispute had never been submitted by Defendant.

33. Defendant again apologized and assured Plaintiff again that it would correct the inaccurate reporting of his file.

34. Defendant informed Plaintiff that the inaccurate information on his credit report would be removed within ten (10) business days.

35. On or about February 13, 2013, Plaintiff viewed his credit report and ascertained that Defendant was still reporting that Plaintiff was ninety (90) days late twenty one (21) times within the last forty (40) months relative to account number 271292****, despite Plaintiff's dispute to Defendant.

36. On or about February 21, 2013, Plaintiff disputed the inaccurate information with the three major reporting bureaus (hereinafter "CRA(s)") by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.

37. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with The CRA(s), The CRA(s) notified Defendant of Plaintiff's dispute and the nature of the dispute.

38. Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with The CRA(s), Defendant received notification from The CRA(s) of Plaintiff's dispute and the nature of the dispute.

39. Upon information and belief, Defendant received from The CRA(s), notice of Plaintiff's dispute by Automated Consumer Dispute Verification Notice.

40. Upon information and belief, Defendant received from The CRA(s) additional information The CRA(s) received from Plaintiff relative to additional evidence supporting the dispute.

41. Defendant then and there owed Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff by Defendant.

42. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

43. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

44. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of a mortgage;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   e. Decreased credit score which may result in inability to obtain credit on future attempts.

45. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

46. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

47. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

   f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

48. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.  JURY DEMAND

49.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH BISAHA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.   All actual compensatory damages suffered;

   b.   Statutory damages of $1,000.00;

   c.   Punitive damages;

   d.   Plaintiff's attorneys' fees and costs; and,

   e.   Any other relief deemed appropriate by this Honorable Court.

                    Respectfully submitted,
                    **JOSEPH BISAHA**

                By:   s/ David M. Marco
                    Attorney for Plaintiff

Dated: May 23, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com