**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH BISAHA, | ) | |
| | ) | No. 3:13-cv-50183 |
| Plaintiff, | ) | |
| | ) | Judge Philip G. Reinhard |
| vs. | ) | |
| | ) | Magistrate Iain D. Johnston |
| CITIBANK, N.A., d/b/a CITIMORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT CITIBANK, N.A.'S ANSWER AND DEFENSES TO THE COMPLAINT</u>**

Defendant Citibank, N.A. ("Citibank"), by and through its attorneys, hereby answers and responds to Plaintiff Joseph Bisaha's ("Plaintiff") Complaint, and asserts defenses as follows:[1]

## I. <u>PRELIMINARY STATEMENT</u>

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681, et. seq.

**<u>Answer</u>:** Citibank admits that Plaintiff purports to bring a Fair Credit Reporting Act ("FCRA") claim in the Complaint. Citibank denies the remaining allegations of this paragraph. Further answering, Citibank denies Plaintiff's claims and denies any and all allegations of wrongdoing.

## II. <u>JURISDICTION & VENUE</u>

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. § 1681, et. seq., and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

---

[1] To the extent that any allegations in the Complaint are not expressly admitted herein, they are expressly denied. Furthermore, in accordance with Fed. R. Civ. P. 8(b), any averment by Citibank that it lacks knowledge or information sufficient to form a belief about the truth of an allegation shall have the effect of a deemed denial. No answer is required with respect to the headings, prayers for relief, and other contents of the Complaint that do not set forth allegations of fact and are not included within the numbered paragraphs as required by Fed. R. Civ. P. 10(b).

**Answer:** The allegations of this paragraph state legal conclusions, to which no response is required. To the extent that these allegations are intended to be factual, Citibank denies the allegations. Citibank denies any remaining allegations of this paragraph.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**Answer:** The allegations of this paragraph state legal conclusions, to which no response is required. To the extent that these allegations are intended to be factual, Citibank denies the allegations. Citibank denies any remaining allegations of this paragraph.

### III.   PARTIES

4. JOSEPH BISAHA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Richmond, County of McHenry, State of Illinois.

**Answer:** Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**Answer:** This paragraph purports to cite to and/or characterize a federal statute, which speaks for itself as to its contents. Accordingly, Citibank denies any characterizations or allegations of the same that are contrary thereto. Citibank denies any remaining allegations of this paragraph.

6. CITIBANK, N.A., d/b/a CITIMORTGAGE, (hereinafter, "Defendant") is a business entity that that regularly conducts business in the State of Illinois. Defendant is incorporated in the State of Maryland.

**Answer:** Citibank admits that it conducts certain business in the State of Illinois and denies any remaining allegations of this paragraph.

2

7.     At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

**Answer:**     This paragraph purports to cite to and/or characterize a federal statute, which speaks for itself as to its contents.  Accordingly, Citibank denies any characterizations or allegations of the same that are contrary thereto.   Citibank denies any remaining allegations of this paragraph.

## IV.     ALLEGATIONS

8.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**Answer:**     This paragraph purports to cite to and/or characterize a federal statute, which speaks for itself as to its contents.  Accordingly, Citibank denies any characterizations or allegations of the same that are contrary thereto.  Citibank denies any remaining allegations of this paragraph.

9.     Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. [§] 1681a(f).

**Answer:**     Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

10.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

**Answer:**     This paragraph purports to characterize the business operations of credit reporting agencies, which speak for themselves.   Accordingly, Citibank denies any characterizations or allegations of the same that are contrary thereto.  In addition, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the specific actions taken by unnamed "credit reporting agencies" in this paragraph, and

accordingly denies those allegations. Citibank denies any remaining allegations of this paragraph.

11.    The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with Defendant. Defendant is inaccurately reporting Plaintiff's payment history relative to account number 271292****. Specifically, Plaintiff asserts that the account was closed in July 2009, at which time the account was settled for less than full balance. Defendant, however, is reporting that Plaintiff has been ninety (90) days late twenty three (23) times within the last forty four (44) months on the account (hereinafter "the inaccurate information").

    **Answer:**    Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

12.    Plaintiff's account with Defendant relates to a property located at 2617 Arbor Drive, McHenry, Illinois 60050.

    **Answer:**    Citibank admits that Plaintiff's Home Equity Line of Credit ("Account") is secured by a property located at 2617 Arbor Drive, McHenry, Illinois 60050 (the "Property"). Citibank denies any remaining allegations of this paragraph.

13.    The account was closed when the short sale of the property was finalized in or around July 2009.

    **Answer:**    Citibank admits that a short sale occurred with respect to the Property, and the Account was charged off sometime in July, 2009. Citibank denies any remaining allegations of this paragraph.

14.    In or around July 2009, the account was charged off, leaving Plaintiff with a zero (0) balance.

    **Answer:**    Citibank admits that the Account was charged off in July, 2009. Citibank denies any remaining allegations of this paragraph.

15.    On or about March 30, 2011, Plaintiff received a correspondence from Defendant, dated March 30, 2011.

    **Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph relating to when Plaintiff received a correspondence

from Citibank, and accordingly denies the allegations. Citibank denies any remaining allegations of this paragraph.

16.     The aforesaid correspondence stated: "Dear Mr. Bisaha, I am sending you this letter on behalf of CitiMortgage to confirm that we have completed the Short Sale and/or Settlement on the above listed account. The approved proceeds have been posted to the account, the write off has been completed leaving you with a zero balance and your CBR reporting will be updated to show the same. "

**Answer:**     To the extent this paragraph purports to cite from a letter sent by Citibank to Plaintiff, the alleged letter speaks for itself as to its contents. Accordingly, Citibank denies any characterizations or allegations contrary thereto. Citibank denies any remaining allegations of this paragraph.

17.     Despite the aforesaid, as of April 15, 2013, Defendant has disseminated information that Plaintiff has been ninety (90) days late twenty three (23) times within the last forty four (44) months on an account that was has been closed since July 2009.

**Answer:**     Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

18.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

**Answer:**     Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

19.     Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**Answer:**     Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

20.     In or around December 2012, Plaintiff applied for a residential mortgage.

**Answer:**     Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

5

21.    During the application process, Plaintiff was informed that he was not approved for the mortgage due to a tradeline on his credit report that indicated two (2) or more past due payments within the last twelve (12) months prior to December 2012, relative to account number 271292****.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

22.    Plaintiff then reviewed his credit report and ascertained that as of December 20, 2012, Defendant was reporting that Plaintiff was ninety (90) days late nineteen (19) times within the last forty (40) months relative to account number 271292****.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations. Further answering, Citibank explicitly denies any and all allegations of wrongdoing.

23.    On or about December 22, 2012, Plaintiff initiated a telephone call to Defendant.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

24.    During the aforesaid telephone call, Plaintiff informed Defendant it was inaccurately reporting that Plaintiff was ninety (90) days late nineteen (19) times within the last forty (40) months relative to account number 271292****.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

25.    Plaintiff further told Defendant the account had been closed since July 2009.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

26.    Defendant confirmed with Plaintiff that the account had been closed since July 2009 and acknowledged it was reporting inaccurate information in Plaintiff's credit report.

**Answer:**    Citibank admits that the Account was charged off sometime in July, 2009. Citibank denies any remaining allegations of this paragraph.

6

27.    Defendant assured Plaintiff the inaccurate information would be removed from Plaintiff's credit report within ten (10) business days and provided Plaintiff with a reference number relative to his dispute.

**Answer:**    Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

28.    On or about January 8, 2013, Plaintiff viewed his credit report and ascertained that Defendant was still reporting that Plaintiff was ninety (90) days late nineteen (19) times within the last forty (40) months relative to account number 271292****, despite Plaintiff's dispute to Defendant.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.  Further answering, Citibank explicitly denies any and all allegations of wrongdoing.

29.    As a result, on or about January 8, 2013, Plaintiff initiated another telephone call to Defendant.

**Answer:**    Citibank admits that, on or about January 8, 2013, a conversation between Plaintiff and a Citibank representative occurred concerning the Account.  Citibank denies any remaining allegations of this paragraph.

30.    During the aforesaid telephone call, Plaintiff provided Defendant with a history of his communications with Defendant.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

31.    Plaintiff then provided Defendant with the reference number relative to his dispute that Defendant had previously assigned to him during their December 22, 2012, telephone conversation.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

32.    Defendant entered Plaintiff's reference number relative to Plaintiff's dispute into its database and informed Plaintiff that the dispute had never been submitted by Defendant.

**Answer:** Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

33. Defendant again apologized and assured Plaintiff again that it would correct the inaccurate reporting of his file.

**Answer:** Citibank denies the allegations of this paragraph concerning purported "inaccurate reporting" on Plaintiff's Account. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and accordingly denies the allegations.

34. Defendant informed Plaintiff that the inaccurate information on his credit report would be removed within ten (10) business days.

**Answer:** Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

35. On or about February 13, 2013, Plaintiff viewed his credit report and ascertained that Defendant was still reporting that Plaintiff was ninety (90) days late twenty one (21) times within the last forty (40) months relative to account number 271292****, despite Plaintiff's dispute to Defendant.

**Answer:** Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

36. On or about February 21, 2013, Plaintiff disputed the inaccurate information with the three major reporting bureaus (hereinafter "CRA(s)") by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.

**Answer:** Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly denies the allegations.

37. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with The CRA(s), The CRA(s) notified Defendant of Plaintiff's dispute and the nature of the dispute.

**Answer:** Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph related to the timing between Plaintiff's alleged

report to the credit reporting agencies and their purported notification to Citibank, and accordingly denies the allegations. Citibank denies any remaining allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

38.    Upon information and belief, within five (5) days of Plaintiff of Plaintiff [sic] disputing the inaccurate information with The CRA(s), Defendant received notification from the CRA(s) of Plaintiff's dispute and the nature of the dispute.

**Answer:**    Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph related to the timing between Plaintiff's alleged report to the credit reporting agencies and the purported receipt of such notification by Citibank, and accordingly denies the allegations. Citibank denies any remaining allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

39.    Upon information and belief, Defendant received from The CRA(s), notice of Plaintiff's dispute by Automated Consumer Dispute Verification Notice.

**Answer:**    Citibank admits that it received an Automated Consumer Dispute Verification Notice from TransUnion LLC dated February 27, 2013, relating to Plaintiff, which speaks for itself as to its contents. Accordingly, Citibank denies any characterizations or allegations contrary thereto. Citibank denies any remaining allegations of this paragraph.

40.    Upon information and belief, Defendant received from The CRA(s) additional information The CRA(s) received from Plaintiff relative to additional evidence supporting the dispute.

**Answer:**    Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

41.    Defendant then and there owed Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff by Defendant.

**Answer:**    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Citibank denies the allegations of this paragraph and

9

explicitly denies any and all allegations of wrongdoing.

42.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

**Answer:**     Citibank denies the allegations of this paragraph and explicitly denies any

and all allegations of wrongdoing.

43.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

**Answer:**     Citibank denies the allegations of this paragraph and explicitly denies any

and all allegations of wrongdoing.

44.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

  a.  Denial of a mortgage;

  b.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

  c.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

  d.  Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

  e.  Decreased credit score which may result in inability to obtain credit on future attempts.

**Answer:**     Citibank denies the allegations of this paragraph, explicitly denies any and

all allegations of wrongdoing, and denies that Plaintiff is entitled to any alleged damages or other

relief.

45.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

**Answer:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

46. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**Answer:** Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

47. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

**Answer:** Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

48. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**Answer:**     Citibank denies the allegations of this paragraph and explicitly denies any and all allegations of wrongdoing.

## V.     JURY DEMAND

49.     Plaintiff hereby demands a trial by jury on all issues so triable.

**Answer:**     Citibank states that Plaintiff purports to demand a jury trial, and Citibank reserves the right to challenge this designation at a later date.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH BISAHA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages of $1,000.00;

    c.     Punitive damages;

    d.     Plaintiff's attorneys' fees and costs; and,

    e.     Any other relief deemed appropriate by this Honorable Court.

**Answer:**     To the extent that an answer to Plaintiff's Prayer for Relief is required, Citibank denies each and every allegation contained therein, denies all of Plaintiff's claims, denies that it engaged in any violation of the law or other wrongdoing, and specifically denies that Plaintiff is entitled to any relief, claims, damages, fees, or costs.

## GENERAL DENIAL

Citibank denies each and every allegation of the Complaint not specifically admitted above.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Citibank asserts the following additional or affirmative defenses to all claims brought against it.

### First Defense: Failure to State a Claim

Citibank states that Plaintiff's Complaint fails to state any claim upon which relief may be granted.

### Second Defense: Wrong Party

Citibank states that Plaintiff's Complaint improperly names Citibank, N.A. d/b/a CitiMortgage as a defendant when Citibank, N.A. and CitiMortgage, Inc. are two separate legal entities.

### Third Defense: Compliance with Applicable Statutes and Regulations

Citibank states that it complied with all applicable statutes and regulations, thereby barring all of Plaintiff's claims.

### Fourth Defense: Others Responsible

Citibank states that Plaintiff is barred from obtaining any of the relief demanded in the Complaint because his alleged losses and damages, if any, were proximately and exclusively caused by his own actions or omissions, or by the actions or omissions of third parties.

### Fifth Defense:  Compensatory Damages Not Available

Citibank states that Plaintiff is not entitled to compensatory damages under the FCRA based on the allegations of the Complaint.

### Sixth Defense:  Punitive Damages Not Available

Citibank states that Plaintiff is not entitled to punitive damages under the FCRA based on the allegations of the Complaint.  Further, imposing punitive damages on Citibank may

violate Citibank's due process rights.

### Seventh Defense:  Statutory Damages Not Available

Citibank states that Plaintiff is not entitled to statutory damages under the FCRA based on the allegations of the Complaint.  Citibank further states that Plaintiff is not entitled to the statutory maximum damages of $1,000.00.

### Eighth Defense:  Attorney's Fees and Costs Not Available

Citibank states that Plaintiff is not entitled to attorney's fees and costs under the FCRA based on the allegations of the Complaint.

### Ninth Defense: Failure to Mitigate Damages

Citibank states that to the extent that any alleged damages exist, which allegation Citibank denies, Citibank states that Plaintiff failed to mitigate his alleged damages.  As a result, any recovery must be reduced.

### RESERVATION OF RIGHTS

Citibank states that, following the completion of discovery and investigation into this matter, additional defenses may become available.  Citibank reserves the right to assert additional defenses that may be discovered in the course of these proceedings.  Citibank further reserves the right to assert counterclaims in this proceeding.

### RELIEF REQUESTED

Citibank requests that the Court enter judgment in its favor, including the following:

1.  Denying all relief sought by Plaintiff in his Complaint and dismissing the Complaint in its entirety with prejudice;

2.  Awarding Citibank its costs, expenses, and fees incurred in defending this lawsuit;

3.  Awarding Citibank any other relief as this Court deems just and proper.

14

Dated: August 2, 2013

Respectfully Submitted,

CITIBANK, N.A.

/s/ Kim A. Leffert
Lucia Nale
Kim A. Leffert
Richard E. Nowak
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
lnale@mayerbrown.com
kleffert@mayerbrown.com
rnowak@mayerbrown.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Defendant Citibank N.A.'s Answer and Defenses to the Complaint** was served upon all parties of record via the U.S. District Court for Northern District of Illinois' Electronic Filing System on this 2nd day of August, 2013.

/s/ Kim A. Leffert
Kim A. Leffert
